IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WESLEY ALLEN STEGGALL**, <br><br> Petitioner, <br><br> v. <br><br> **SUE WASHBURN,** <br><br> Respondent. | Case No. 2:20-cv-01591-SU <br><br> **OPINION AND ORDER** |

**IMMERGUT, District Judge.**

On November 2, 2020, Magistrate Judge Patricia Sullivan issued her Findings & Recommendation (F&R), ECF 13, recommending that this case be dismissed for lack of jurisdiction. The F&R also recommended that the pending *in forma pauperis* application, ECF 1, motions pertaining to consolidation, ECF 9–10, and motion for order of transport, ECF 11, be denied as moot. ECF 13 at 3. No party filed objections.

This Court has reviewed de novo the F&R. For the following reasons, this Court MODIFIES AND ADOPTS Judge Sullivan's F&R. This case is dismissed without prejudice, and Petitioner may bring a new claim if he can sufficiently allege a claim.

PAGE 1 – ORDER

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

### A. COVID-19 Condition Claims Not Cognizable in Habeas

Petitioner seeks habeas relief based on Respondent's response to the COVID-19 pandemic. As the F&R explained, Petitioner's claims concerning COVID-19 conditions in the prison are not cognizable in habeas. ECF 13 at 2–3; *see also* ECF 2 at 2 (Petitioner alleges he "is incarcerated in a facility that does not follow this state's required precautions to prevent the spread of the disease COVID-19").

This Court modifies the F&R to note that a court "may recharacterize the petition" as a civil rights claim under 42 U.S.C. § 1983 if the petition "is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (en banc) (internal citations and quotation marks omitted). Before doing so, however, the court must "warn[] the *pro se* litigant of the consequences of the

conversion and provide[] an opportunity for the litigant to withdraw or amend his or her complaint." *Id*. (internal citations and quotation marks omitted).

This Court declines to recharacterize the petition because Petitioner has not named the correct defendants and because of the many differences between habeas and § 1983 claims, which Petitioner should be able to consider first. Petitioner has named Sue Washburn, the superintendent at Eastern Oregon Correctional Institution, as the sole Respondent. ECF 2 at 1. But in § 1983 actions, allegations must be "individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). Petitioner asserts that he "has requested protection from Respondent from contraction of coronavirus, and has been denied" in various ways, which consist of alleged COVID-19 risks within the facility. ECF 2 at 3–4. But "there is no indication that the [superintendent] is or was involved in the factual allegations underlying the instant petition." *Stovall v. Covello*, No. 2:20-CV-1717 KJN P, 2020 WL 6682542, at *3 & n.3 (E.D. Cal. Nov. 12, 2020). Even in a *pro se* case, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Petitioner is advised, should he wish to file a § 1983 claim, that he must allege specific, personal involvement connecting each named defendant to the alleged constitutional deprivation.

In case Petitioner wishes to assert § 1983 claims, this Court further advises Petitioner of some of the many differences between habeas and § 1983 civil rights cases. While the filing fee for a habeas petition is $5.00, if Petitioner chooses to bring a civil rights case, he "would be obligated to pay the $350.00 civil filing fee over time as funds become available in his prison

PAGE 3 – ORDER

trust account." ECF 6 at 2 n.1; *see also Volpicelli v. Warden*, No. 3:17-cv-00690-MMD-WGC, 2020 WL 343839, at *2 (D. Nev. Jan. 21, 2020); 28 U.S.C. § 1915(b)(1). This would be the case even if a court grants IFP status. *Volpicelli*, 2020 WL 343839, at *2. Additionally, the Prison Litigation Reform Act's three-strikes rule applies to civil rights cases but not habeas cases. *See, e.g., id.*; 28 U.S.C. § 1915(g).

**B.  Failure to Exhaust Possible Habeas Claims**

The F&R concludes that because Petitioner's claim concerns conditions of confinement, it is properly brought under § 1983. ECF 13 at 2–3. This Court modifies the F&R to note that, even assuming Petitioner's Fourth Amendment claim attacks his confinement's legality rather than its conditions, Petitioner must still satisfy habeas exhaustion requirements. Petitioner arguably suggests that his confinement itself violates the Fourth Amendment of the United States Constitution, because "no warrant upon probable cause has been entered in the docket for Washington County Circuit Court No. C151264CR." ECF 7 at 2; *see also* ECF 8 at 2. An "attack [on] the legality of the conviction or sentence" itself—rather than conditions of confinement—is properly within the scope of habeas. *Nettles*, 830 F.3d at 933. But habeas exhaustion requirements still apply. These requirements give a state court "'an opportunity to correct its own constitutional errors' before a federal court orders release, thus respecting traditional notions of federal-state comity." *Id.* (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973)).

Petitioner has not shown why a habeas petition should not be dismissed for lack of exhaustion, despite Judge Sullivan's Order to Show Cause. ECF 6. Petitioner asserts that he filed a "rebuttal of presumption of probable cause" in the underlying state criminal case and served this filing on the Washington County District Attorney. ECF 7 at 1–2. He also argues that the "exhaustion of state remedies requirement does not apply." ECF 8 at 2. Petitioner's filing in the underlying state court docket does not satisfy exhaustion requirements, and Petitioner does not

PAGE 4 – ORDER

show that exhaustion does not apply. Indeed, Petitioner raised the same probable cause argument in another court in this District, which held that Petitioner has not satisfied the habeas exhaustion requirement. *See Steggall v. Jensen*, No. 3:20-cv-01595-MK, ECF 8 ("Order of Dismissal") at 2 (D. Or. Oct. 19, 2020) (McShane, J.). To "exhaust available state remedies," Petitioner "must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted). It does not appear that Petitioner has sought his remedy in the appropriate state courts before filing this habeas petition.

## CONCLUSION

This Court has reviewed de novo Judge Sullivan's F&R. Judge Sullivan's F&R, ECF 13, is adopted as modified. This Court dismisses this case without prejudice. Petitioner may file a § 1983 claim concerning COVID-19 conditions if he can sufficiently allege such a claim. To the extent he seeks to challenge his confinement's legality itself, on Fourth Amendment or other federal grounds, Petitioner must satisfy habeas exhaustion requirements. This Court declines to issue a Certificate of Appealability because Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Petitioner's *in forma pauperis* application, ECF 1, motions pertaining to consolidations, ECF 9–10, and motion for order of transport, ECF 11, are denied as moot.

**IT IS SO ORDERED**.

DATED this 7th day of December, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 5 – ORDER